UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD LEE JOHNSEN,

           Plaintiff,

   v.

OFFICER LARSON,

           Defendant.

CASE NO. C19-300 MJP-BAT

**REPORT AND RECOMMENDATION**

On February 28, 2019, plaintiff, a prisoner at the Skagit County Community Justice Center, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. Dkt. 5. The complaint alleges that on February 20, 2019, Corrections Officer Larson delivered plaintiff his mail. While Officer Larson was standing in front of plaintiff, the complaint alleges plaintiff saw the Officer reading one of plaintiff's letters. Plaintiff asked the Officer why he was reading the letter, and the Officer stated that he was not. The Officer then threw the letter through plaintiff's jail cell slot. Plaintiff picked the letter up "and found that it was a United States District Court notice of a civil claim filing." *Id*. at 6.

The Court screens complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

REPORT AND RECOMMENDATION - 1

1  monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. §

2  1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

3        The complaint here fails to state a claim upon which relief may be granted. Because the

4  deficiency cannot be cured, the Court recommends the complaint be dismissed with prejudice,

5  without leave to amend.

6  <center>**DISCUSSION**</center>

7        Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52

8  F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions have a

9  legitimate government interest in imposing certain restraints on inmate or detainee

10 correspondence to maintain order and security. *See Procunier v. Martinez*, 416 U.S. 396, 413

11 (1974), overturned on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989). For

12 example, inmates and detainees may have their mail screened to ensure the there is no

13 contraband inside. *Mangiaraci v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).

14       When incoming mail is legal mail, there are heightened concerns with allowing prison

15 staff unfettered discretion in opening and reading an inmate's mail that affects the prisoner's

16 legal rights, the attorney-client privilege, or the right to access to the courts. *See e.g. Hayes v.*

17 *Idaho Correctional Center*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, not all mail a

18 prisoner receives from a legal source will implicate constitutionally protected legal mail rights.

19       "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."

20 *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135

21 F.3d 1318 (9th Cir. 1998). *See also Hayes v. Idaho Corr. Ctr.*, 849 F.3d at 1211 (9th Cir. 2017)

22 (district court properly dismissed an inmate's claim with respect to mail opened by prison

23 employees outside of his presence from the United States courts, because such mail is not legal

REPORT AND RECOMMENDATION - 2

mail). Rather, correspondence from a court to a litigant generally contains publically-accessible documents. *Id*.

In this case, the mail did not originate from a protected source, such as plaintiff's attorney. Rather the complaint alleges Officer Larson read a notice from the United States District Court. Because mail from the courts does not implicate any constitutional protections, even if Officer Larson read plaintiff's mail in front of plaintiff, the mail was not protected legal mail.

In short, the complaint fails to state a cognizable claim for relief. Because the complaint alleges plaintiff's rights were violated when Officer Larson read a notice from the United States District Court in front of plaintiff, the Court concludes the complaint cannot be amended to allege additional facts that would state a claim for relief upon which relief can be granted. The Court accordingly finds leave to amend would be futile and is not warranted. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

## OBJECTIONS

Objections, if any, may be filed no later than **March 20, 2019.** The Clerk should note the matter for **March 22, 2019**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 6th day of February, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3